## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,** | ) ) ) |
| **One Tower Square**<br>**Hartford, Connecticut 06813** | ) ) ) ) |
| **and** | ) ) |
| **THE TRAVELERS INDEMNITY COMPANY,** | ) ) ) |
| **One Tower Square**<br>**Hartford, Connecticut 06813** | ) ) ) ) |
| **Plaintiffs,** | ) ) ) |
| **v.** | ) ) |
| **SOFTWARE PUBLISHERS ASSOCIATION d/b/a SOFTWARE INFORMATION INDUSTRY ASSOCIATION,** | ) **Civil Action No.: _____** ) ) ) ) ) |
| **1090 Vermont Avenue, NW,**<br>**Suite 600**<br>**Washington, D.C. 20005** | ) ) ) ) |
| **Defendant.** | ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs The Travelers Indemnity Company of Connecticut ("Travelers Connecticut") and The Travelers Indemnity Company ("Travelers Indemnity") (collectively referred to herein as "Travelers"), by counsel, states as follows as its Complaint for Declaratory Judgment against Defendant Software Publishers Association d/b/a Software Information Industry Association ("SPA").

## I.      Parties

1.      Plaintiff Travelers Connecticut is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Connecticut, and is a citizen of Connecticut.   At all relevant times hereto, Travelers Connecticut was licensed to conduct the business of insurance in the District of Columbia.

2.      Plaintiff Travelers Indemnity is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Connecticut, and is a citizen of Connecticut.   At all relevant times hereto, Travelers Indemnity was licensed to conduct the business of insurance in the District of Columbia.

3.      Defendant SPA is a not-for-profit organized and existing under the laws of the District of Columbia, with its principal place of business located in the District of Columbia, and is a citizen of the District of Columbia.   At the time of the events underlying this lawsuit, SPA was doing business as the Software Information Industry Association ("SIIA").

## II.      Jurisdiction and Venue

4.      This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Travelers and Defendant Brando, and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### III.     Facts

**The Infringement Lawsuit And Third-Party Complaint**

7.      On October 30, 2009, Adobe Systems Incorporated filed the lawsuit styled *Adobe Systems Incorporated v. Joshua Christenson, et al.* (Case No. C09-05169) in the United States District Court for the Northern District of California (the "Infringement Lawsuit").  The Infringement Lawsuit was eventually transferred to the United States District Court for the District of Nevada (Case No. 2:10cv0422).  A true and accurate copy of the Complaint filed in the Infringement Lawsuit is attached hereto as Exhibit A.

8.      The Infringement Lawsuit alleges, in part, that Joshua Christenson "made, offered for sale, sold, and distributed unauthorized copies of Adobe software . . . ." (Infringement Lawsuit (Ex. A) at ¶ 3.)

9.      On November 12, 2009, SPA – under the name SIIA – issued a press release naming Joshua Christenson as a person changed with "knowingly engaging in copyright infringement through the fraudulent sale of Adobe software . . ." (the "Press Release").  The Press Release further stated that the Infringement Lawsuit was one of the "latest round of lawsuits against various online sellers who either sold infringing copies, including counterfeit versions, or illegally sold educational and OEM versions without authorization."  It further stated that the Infringement Lawsuit (and others filed at the same time) "'represent the latest battle in SIIA's fight to protect its members, and consumers, from software piracy.' Said Keith Kupferschmid, Senior Vice President of Intellectual Property Policy & Enforcement for SIIA.  'Sellers in these cases have swindled both consumers and Adobe by illegally copying or selling well-known Adobe software products.'"  A copy of the Press Release is attached hereto as Exhibit B.

10.     On May 4, 2010, Joshua Christenson filed an Answer, Counterclaim, and Third-Party Complaint in connection with the Infringement Lawsuit (the "Third-Party Complaint") naming Software Publishers Association d/b/a Software Information Industry Association as a third-party defendant.  A true an accurate copy of this Answer, Counterclaim, and Third-Party Complaint is attached hereto as Exhibit C.

11.     In the Third-Party Complaint, Christenson alleges that the Press Release contained false, defamatory, disparaging, and unprivileged statements about him and his company.   He asserts six counts against SPA in the Third-Party Complaint: (1) Defamation and Defamation *Per Se*; (2) False Light; (3) Business Disparagement; (4) Aiding and Abetting; (5) Civil Conspiracy; and (6) Alter Ego/Instrumentality.

12.     Christenson seeks "an amount in excess of $75,000" as damages through the Third-Party Complaint.

13.     On July 9, 2010, SPA filed its answer to the Third-Party Complaint.

14.     On September 10, 2012, the United States District Court for the District of Nevada granted summary judgment in favor of Joshua Christenson and Software Surplus, Inc. and against Adobe Systems, Inc. with respect to Adobe's copyright and trademark infringement claims – determining that Adobe was not able to prove its claims of copyright infringement and trademark infringement against Christenson.  *See* September 10, 2012 Order of the United States District Court for the District of Nevada (attached hereto as Exhibit D).

15.     On October 17, 2012, the District Court entered an Order directing the clerk of court to enter a final judgment as to those claims (making the court's decision as that issue appealable) and staying the remainder of the case pending the appeal of that

decision to the Court of Appeals for the Ninth Circuit.  In entering that Order, the District

Court explained that a significant reason behind its entering the stay was the fact that in

the event that the Court of Appeals affirmed its decision – agreeing that Adobe could not

prove trademark or copyright infringement by Christenson – the determinative issue

presented by the Third-Party Complaint's claims ((1) Defamation and Defamation *Per

Se*; (2) False Light; (3) Business Disparagement; (4) Aiding and Abetting; (5) Civil

Conspiracy; and (6) Alter Ego/Instrumentality) would also be resolved:

> Defendants' counterclaims rely heavily on the evidentiary ruling that
> Adobe seeks to appeal.  Adobe's chances of defending against these
> counterclaims on the existing record are vanishingly small.  In addition,
> given the similar evidentiary dependence of Adobe's adjudicated claims
> and the remaining non-adjudicated counterclaims, an appellate decision
> will avoid the unnecessary duplication of efforts.  For instance, in the
> event the appellate court affirms this court's decision, the chances of a
> settlement are high.  A stay will therefore prevent a trial that should never
> have happened.

*See* October 17, 2012 Order of the United States District Court for the District of Nevada

at pp. 6-7 (attached hereto as Exhibit E).

16.    On December 30, 2015, the Court of Appeals for the Ninth Circuit

affirmed the decision of the District Court.  *See* December 30, 2015, Opinion of the Court

of Appeals for the Ninth Circuit, attached hereto as Exhibit F.

17.    On January 14, 2016, SPA tendered the Third-Party Complaint to

Travelers for coverage under certain policies of insurance issued by Travelers (as

described below).  Travelers did not receive notice of the Infringement Lawsuit or the

Third-Party Complaint until this time – more than six years after the Complaint was filed

in that lawsuit, more than five years after the Third-Party Complaint was filed, and only

after the decision of the Ninth Circuit in the Infringement Lawsuit which deprived SPA of a primary defense against the Third-Party Complaint.

**The Policies**

18.    Travelers Connecticut issued Office PAC insurance policy number 680-434R8603-TCT-09, with a policy period from October 1, 2009 to October 1, 2010, to Software Publishers Association (as the named insured) (the "Primary Policy").  A true and accurate copy of the Primary Policy is attached hereto as Exhibit G.

19.    As relevant to this lawsuit, the Primary Policy contains the following conditions applicable to the Commercial General Liability Coverage:

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> *  *  *
>
> **2.  Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
> a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:
>
> (1)  How, when and where the "occurrence" or offense took place;
>
> (2)  The names and addresses of any injured persons and witnesses; and
>
> (3)  The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> b.  If a claim is made or "suit" is brought against any insured, you must:
>
> (1) Immediately record the specifics of the claim or "suit" and the date received; and
>
> (2) Notify us as soon as practicable.

> You must see to it that we receive written notice of the claim or
> "suit" as soon as practicable.

(Primary Policy (Ex. G), CG00011001, p. 10 of 16).

20.     Travelers Indemnity issued Commercial Excess Liability (Umbrella) insurance policy number ISF-CUP-434R8603-IND-09, with a policy period from October 1, 2009 to October 1, 2010, to Software Publishers Association (as the named insured) (the "Excess Policy").  A true and accurate copy of the Excess Policy is attached hereto as Exhibit H.

21.     As relevant to this lawsuit, the Excess Policy contains the following conditions applicable to the Commercial Excess Liability (Umbrella) Coverage:

### SECTION IV – CONDITIONS.

* * *

### 5.  DUTIES IN THE EVENT OF OCCURRENCE OR OFFENSE, CLAIM OR SUIT.

> a.  You must see to it that we are notified promptly of an
> "occurrence" or an "offense" which may result in a claim under
> this insurance.  Notice should include:
>
> (1)  How, when and where the "occurrence" or "offense" took
> place; and
>
> (2)  The names and addresses of any injured persons and
> witnesses.
>
> b.  If a claim is made or "suit" is brought against any insured
> which may result in a claim against this insurance, you must
> see to it that we receive prompt written notice of the claim or
> "suit".

(Excess Policy (Ex. H), UM00011103, p. 8 of 13).

### IV. Count I – Declaratory Judgment

22.     An actual controversy exists between Travelers and SPA and Christenson concerning whether SPA is entitled to coverage (defense or indemnity) under the Policies in connection with the Infringement Lawsuit and/or the Third-Party Complaint.  There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

23.     Travelers seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Travelers has no obligation to provide coverage to SPA in connection with the Infringement Lawsuit and/or the Third-Party Complaint under the Policies or otherwise.

24.     Travelers is entitled to this declaratory judgment:

(A)   Because Travelers was not provided with notice of the Infringement Lawsuit and/or the Third-Party Complaint as soon as practicable as required by the Primary Policy (and as set forth in detail above); and

(B)   Because Travelers was not promptly notified of the Infringement Lawsuit and/or the Third-Party Complaint as required by the Excess Policy (and as set forth in detail above); and

(C)   Because Travelers was not provided with prompt written notice of the Infringement Lawsuit and/or the Third-Party Complaint as required by the Excess Policy (and as set forth in detail above); and

(D)   Because SPA materially breached the notice conditions contained in the Policies, barring coverage.

WHEREFORE, Travelers respectfully requests that this Court:

1.      Declare that SPA is not entitled to coverage with respect to the Infringement Lawsuit and/or the Third-Party Complaint under the Policies or otherwise; and

2.      Award such other and further relief as this Court deems just and proper.

**TRAVELERS INDEMNITY COMPANY OF CONNECTICUT and TRAVELERS INDMENITY COMPANY**

**By:** _____/s/_____
                    **Counsel**

John B. Mumford, Jr. (DCB No.: 1027364)
Kathryn E. Kasper (DCB No.: 980045)
Hancock, Daniel, Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hdjn.com
kkasper@hdjn.com
Phone:  (804) 967-9604
Fax:  (804) 967-2411
*Counsel for Travelers Indemnity Company of Connecticut and Travelers Indemnity Company*